DAVID J. COHEN, ESQ.
California Bar No. 145748
ALEXANDER P. GUILMARTIN, ESQ.
California Bar No. 306767
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Defendant **Kenny Miksch**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNY MATTHEW MIKSCH,<br><br>Defendant. | Case No. 3:21-cr-00121-JD<br><br>**THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE**<br><br>Date: April 14, 2021<br>Time: 10:30 a.m.<br>Ctrm.: E (JSC) |

**I.**

**A DETENTION HEARING IS ONLY PERMISSIBLE WHERE THE GOVERNMENT HAS SHOWN BY A PREPONDERANCE OF THE EVIDENCE THAT 18 U.S.C. §3142(f) IS SATISFIED.**

Although the government has been granted in this matter both a detention hearing and a three-day continuance to allow its preparation therefor, it is important to note, as a preliminary matter, the showing the government is required to make before the Court can even

proceed with a detention hearing, let alone order pretrial detention. A detention hearing itself can only be ordered where it is authorized by 18 U.S.C. §3142(f). This subsection "performs a gate-keeping function by 'limiting the circumstances under which pretrial detention may be sought to the most serious of crimes.'" *United States v. Watkins*, 940 F.3d 152, 159 (2d Cir. 2019) (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)).

A detention hearing may be ordered only if:

(1) the charged offense falls within any of the five subcategories set forth in § 3142(f)(1)(A)-(E);

(2) the defendant poses a serious risk of flight; or

(3) there is a serious risk that the defendant will attempt to obstruct justice, or threaten, injure, or intimidate a witness or juror.

*Ibid*. That is, §3142 effectively tasks the district court with "undertak[ing] a two-step inquiry." *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). Before a detention hearing can even be held, the district court "must first determine by a preponderance of the evidence" that one of §3142(f)'s requirements is satisfied. *Ibid*; *see United States v. Fanyo-Patchou*, 426 F. Supp. 3d 779, 782 (W.D. Wash. 2019) [applying preponderance of the evidence standard to showing of risk of obstruction of justice under §3142(f)(2)(B)].

## II.

### NO SHOWING OF DANGEROUSNESS CAN JUSTIFY A DETENTION HEARING AND A FINDING OF DANGEROUSNESS ALONE CANNOT SUPPORT A PRETRIAL DETENTION ORDER.

Notably missing from those showings which – if made by a preponderance of the evidence – support a detention hearing under §3142(f), is a showing of dangerousness. That is because, as §3142(f) makes clear and as the Circuits agree, a showing of dangerousness does not justify a detention hearing and therefore cannot alone support a detention order. *United*

THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE
*United States v. Miksch*;
Case No. 3:21-CR-00121-JD

2

*States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (superseded on other grounds by the 2006 amendments to the Bail Reform Act); *Friedman*, *supra*; *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); *United States v. Gunn*, No. 3:19-mj-00207, 2019 U.S. Dist. LEXIS 210792, at *5 (D. Or. Dec. 6, 2019) [gathering cases].

      Despite this, at Mr. Miksch's arraignment, the government focused largely on its assertions that Mr. Miksch (and his co-defendants) pose an unspecified danger to the community. Indeed, the government made only a passing reference to its assertion that Mr. Miksch might obstruct justice, an actual ground for a detention hearing under §3142(f). Instead, at both Mr. Miksch's arraignment and the immediately preceding arraignment for Mr. Rush, the prosecution emphasized its belief that both defendants would present a danger to the community if released. The government continues that tactic even now. Its motion to revoke Mr. Ybarra's release spends nearly 11 pages reciting facts which the government contends demonstrates Mr. Ybarra's dangerousness, and the government dedicates only a very brief portion of that brief making a vague assertion that Mr. Ybarra might obstruct justice. Just today, the prosecution submitted to Pretrial Services several materials, none of which have any relevance to any of the §3142(f) requirements but which are apparently exclusively intended to demonstrate Mr. Miksch's purported dangerousness.

      By the terms of §3142 and the well-established case law, all of these arguments regarding dangerousness can form no basis for the detention hearing that has been ordered, and they cannot alone support any detention order which may yet issue. The Court must perform its gate-keeping duty of determining whether the government has even reached the point of arguing for detention by deciding if it has made its required showing, by a preponderance of the evidence, under §3142(f).

THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE
*United States v. Miksch*;
Case No. 3:21-CR-00121-JD

3

*States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (superseded on other grounds by the 2006 amendments to the Bail Reform Act); *Friedman*, *supra*; *United States v. Himler*, 797 F.2d 156 (3d Cir. 1986); *United States v. Ploof*, 851 F.2d 7 (1st Cir. 1988); *United States v. Gunn*, No. 3:19-mj-00207, 2019 U.S. Dist. LEXIS 210792, at *5 (D. Or. Dec. 6, 2019) [gathering cases].

Despite this, at Mr. Miksch's arraignment, the government focused largely on its assertions that Mr. Miksch (and his co-defendants) pose an unspecified danger to the community. Indeed, the government made only a passing reference to its assertion that Mr. Miksch might obstruct justice, an actual ground for a detention hearing under §3142(f). Instead, at both Mr. Miksch's arraignment and the immediately preceding arraignment for Mr. Rush, the prosecution emphasized its belief that both defendants would present a danger to the community if released. The government continues that tactic even now. Its motion to revoke Mr. Ybarra's release spends nearly 11 pages reciting facts which the government contends demonstrates Mr. Ybarra's dangerousness, and the government dedicates only a very brief portion of that brief making a vague assertion that Mr. Ybarra might obstruct justice. Just today, the prosecution submitted to Pretrial Services several materials, none of which have any relevance to any of the §3142(f) requirements but which are apparently exclusively intended to demonstrate Mr. Miksch's purported dangerousness.

By the terms of §3142 and the well-established case law, all of these arguments regarding dangerousness can form no basis for the detention hearing that has been ordered, and they cannot alone support any detention order which may yet issue. The Court must perform its gate-keeping duty of determining whether the government has even reached the point of arguing for detention by deciding if it has made its required showing, by a preponderance of the evidence, under §3142(f).

THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE
*United States v. Miksch*;
Case No. 3:21-CR-00121-JD

3

### III.

### THE GOVERNMENT HAS FAILED TO SUPPORT ITS REQUEST FOR A DETENTION HEARING WITH THE SHOWING OF A SERIOUS RISK OF OBSTRUCTION OF JUSTICE REQUIRED BY §3142(f).

Here, the government has made no argument that a detention hearing is justified because Mr. Miksch either has been charged with a crime enumerated in §3142(f)(1) or poses a risk of flight under §3142(f)(2)(A). The government could not reasonably make any such contention: Mr. Miksch has not actually "been charged with one of the crimes" in §3142(f)(1) (*see Friedman*, *supra*); nor does he present any risk of flight given his lifelong residence in the Bay Area, his residence with – and receipt of support from – his parents, his lack of any overseas connections, and his failure to seize any of his numerous prior opportunities to flee. The only theory on which the government could plausibly proceed, and the only one it advanced at Mr. Miksch's arraignment, is that Mr. Miksch presents "a serious risk" of obstructing justice under §3142(f)(2)(B).[1]

The reality, however, is that Mr. Miksch presents no such risk. Certainly, he has been charged with obstructing justice by destroying records. The prosecution alleges he did so by deleting his own WhatsApp conversation from his phone. But the Court is prohibited from considering either the nature of the alleged offense or any purported evidence of Mr. Miksch's guilt thereof in determining whether a showing of a serious risk of obstruction has been made. *See United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) ["These factors may be

---

[1] To the extent that the government might attempt to belatedly present another theory warranting a detention hearing, any such alternative theory is now barred. *United States v. Melendez-Carrion*, 790 F.2d 984, 993 (2d Cir. 1986); Fed. R. Crim. P. 47.

THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE
*United States v. Miksch*;
Case No. 3:21-CR-00121-JD

considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community."].

Perhaps even more to the point, whether or not Mr. Miksch's alleged conduct actually constitutes obstruction of justice, it plainly offers no suggestion that Mr. Miksch will act to obstruct justice in the future. To the contrary, he cooperated (and spoke at length) with law enforcement when they executed a search of his home, and after retaining counsel, voluntarily participated in proffer discussions with the prosecution. Mr. Miksch has demonstrated that he is fully cooperative with the investigation(s) and prosecution(s) at issue, rather than obstructive. At this point, there exists no materials for Mr. Miksch to even destroy, nor any clear argument by the government regarding the manner in which he could conceivably obstruct its ongoing prosecutions. The government has not made, and cannot make, by a preponderance of the evidence, the showing required for a detention hearing under §3142(f)(2)(B): that there is "a serious risk" that Mr. Miksch will obstruct justice.

IV.

**ALLEGATIONS THAT MR. MIKSCH POSES A RISK OF OBSTRUCTION DO NOT PERMIT THE GOVERNMENT TO SUPPORT ITS REQUEST FOR DETENTION WITH ALLEGATIONS OF DANGEROUSNESS.**

The government has failed to meet its preliminary burden to establish, by a preponderance of the evidence, that Mr. Miksch presents a serious risk of obstruction of justice. For this reason, no detention hearing can be held and no order of detention can be issued. But in addition, the government's mere allegations that Mr. Miksch's case is one that involves a serious risk of obstruction do not authorize them to proceed to make arguments regarding dangerousness.

THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE
*United States v. Miksch*;
Case No. 3:21-CR-00121-JD

5

Dangerousness may certainly be a grounds for detaining a defendant whose detention hearing is authorized because they have been charged with one of the offenses enumerated in §3142(f)(1)(A)-(E). But Mr. Miksch's detention hearing, if it can be justified at all, is only supported by a preliminary showing of a risk of obstruction under §3142(f)(2)(B). At a §3142(f)(2) detention hearing at which the government alleges the defendant poses a risk of obstruction, in contrast to a §3142(f)(1) detention hearing at which the defendant has been charged with an enumerated offense, dangerousness to the community is not available as a grounds for detention. As one Oregon District Court recently explained:

> Indeed, to allow a detention hearing under § 3142(f)(2) in fraud cases to backdoor a detention order on the ground of danger would render § 3142(f)(1) meaningless. Accordingly, the Court concludes that the Bail Reform Act does not authorize pretrial detention on the ground of danger for a defendant charged only with an unenumerated offense, even if the court holds a detention hearing based on the government's allegations that the defendant also presents a serious risk of flight or obstruction.

*United States v. Gunn*, No. 3:19-mj-00207, 2019 U.S. Dist. LEXIS 210792, at *10 (D. Or. Dec. 6, 2019). The *Gunn* Court was compelled to order the defendant's release despite its finding "that Gunn presents a serious risk of danger to the community if released . . . . [because] the law is well settled that the Bail Reform Act does not authorize pretrial detention under these circumstances." *Ibid*; *see also United States v. LaLonde*, 246 F. Supp. 2d 873, 876 (S.D. Ohio 2003) [ordering release notwithstanding "risk of danger to the community" and allegations of risk of flight and obstruction].

Accordingly, only if Mr. Miksch had been charged with one of the offenses enumerated in §3142(f)(1)(A)-(E) would the government be permitted to argue dangerousness. At a detention hearing authorized by §3142(f)(1), the government could then attempt to show by

THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE
*United States v. Miksch*;
Case No. 3:21-CR-00121-JD

6

clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *See* §3142(f) ["The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."]. But Mr. Miksch has not been charged with one of the offenses enumerated in §3142(f)(1)(A)-(E), and for that reason, the government is precluded from using purported dangerousness to support its request for detention.

Of course, the fact of the matter is that Mr. Miksch poses no danger to anyone. The government does not allege that he participated in any acts of violence, nor that he endorsed the acts of violence committed by Mr. Carrillo. Its allegations of the deletion of WhatsApp messages date to June of 2020. There are no allegations that Mr. Miksch has committed any wrongdoing since, and Mr. Miksch has willingly cooperated with the investigation every step of the way, including in the eight months that have elapsed since his first contact with law enforcement.

Even further lessening the impact of the government's dangerousness arguments is the fact that they are speculative concerns largely unrelated to this case. Pretrial detention is not authorized in order to protect individuals or relationships "unconnected to the federal proceeding that has given rise to defendant's bail hearing." *United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988). A threat to a potential witness, for example, qualifies for consideration under the Bail Reform Act; a threat to a person "unrelated to and unlikely to affect proceedings on the present charges" does not. *Ibid*. Whomever it is the government believes Mr. Miksch poses a danger, it is surely not anyone connected to this case.

THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE
*United States v. Miksch*;
Case No. 3:21-CR-00121-JD

7

# V.

# CONCLUSION

Thus, even if the Court were to hold a detention hearing and consider the government's request for detention on the basis of allegations of dangerousness, the government's request should be denied. But notwithstanding the objections Mr. Miksch has to the merits of any showing of dangerousness by the government, he objects to the government's legal ability to even present those arguments, which are barred by the statutory scheme for pretrial release that the legislature has carefully crafted.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: April 13, 2021                By:/s/ Alexander P. Guilmartin, Esq.
                                     ALEXANDER P. GUILMARTIN, ESQ.
                                     Attorneys for Defendant **Kenny Miksch**

THE UNITED STATES SHOULD BE PRECLUDED FROM ARGUING MR. MIKSCH'S DANGEROUSNESS AS A BASIS FOR HIS DETENTION; MR. MIKSCH IS NOT A DANGER TO THE COMMUNITY OR TO THIS CASE
*United States v. Miksch*;
Case No. 3:21-CR-00121-JD

8