1  DAVID J. COHEN, ESQ.
   California Bar No. 145748
2  ALEXANDER P. GUILMARTIN, ESQ.
   California Bar No. 306767
3  **BAY AREA CRIMINAL LAWYERS, PC**
4  300 Montgomery Street, Suite 660
   San Francisco, CA 94104
5  Telephone: (415) 398-3900

6

7  Attorneys for Defendant **Kenny Miksch**

8                  UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF CALIFORNIA
9                       SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT JESUS BLANCAS,<br><br>Defendant. | Case No. 21-CR-105 VC<br><br>**NOTICE OF RELATED CASE IN A CRIMINAL ACTION** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT JESUS BLANCAS,<br><br>Defendant. | Case No. 21-CR-121 VC-2<br><br>**NOTICE OF RELATED CASE IN A CRIMINAL ACTION** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSIE ALEXANDER RUSH,<br>SIMON SAGE YBARRA, and<br>KENNY MATTHEW MIKSCH,<br><br>Defendants. | Case Nos. 21-CR-121 JD-1<br>         21-CR-121 JD-3<br>         21-CR-121 JD-4<br><br>**NOTICE OF RELATED CASE IN A CRIMINAL ACTION** |

NOTICE OF RELATED CASE IN A CRIMINAL ACTION
*United States v. Blancas*; *United States v. Rush, et al.*
Case Nos. 21-CR-105 VC, 21-CR-121 VC-2, 21-CR-121 JD-1, 21-CR-121 JD-3, 21-CR-121 JD-4

1

Pursuant to Criminal Local Rule 8-1, Messrs. Miksch, Rush, and Ybarra submit the present Notice of Related Case in a Criminal Action and hereby notice the Court that all of the captioned criminal cases are related to one another.

In the earliest-filed case, case no. 21-CR-105 VC, Mr. Blancas was charged with a violation of 18 U.S.C. §2422(b). In a later-filed case, now bearing case no. 21-CR-121 VC-2, Mr. Blancas was charged with violations of 18 U.S.C. §1512. Messrs. Miksch, Rush, and Ybarra were simultaneously charged with their own violations of §1512 in case nos. 21-CR-121 JD-1, 21-CR-121 JD-3, and 21-CR-121 JD-4. As the government has previously explained to the Court, Mr. Blancas' §2422(b) case arose from evidence obtained during the investigation of all four defendants in connection with the §1512 charges; "evidence that BLANCAS had enticed a minor to produce child pornography" was found on Mr. Blancas' devices alongside evidence related to all four defendants' communications and involvement in the Grizzly Scouts group. *See* dkt. 7.

The government initially filed a notice of related case on April 9, 2021. Dkt. 7. At that time, Mr. Blancas' two cases were not yet related and were before two different judges. The Court denied case relation. Dkt. 9.

Since that time, however, further developments have occurred in Mr. Blancas' cases. In anticipation of a plea agreement, the Court severed Mr. Blancas from the other three defendants in 21-CR-121. Dkt. 58. The Court also revisited its earlier ruling on case relation, relating Mr. Blancas earlier-filed case (21-CR-105 VC) with his later-filed, and now severed, case (21-CR-121 VC-2). Dkt. 59. And on August 23, 2021, pursuant to a single plea agreement covering both cases, Mr. Blancas entered a guilty plea to counts in both cases. Dkts. 68, 69.

Also significant is the fact that Messrs. Miksch, Rush, and Ybarra have all reached a joint plea agreement with the government and are scheduled to enter guilty pleas on September 13 and 20, 2021. *See* dkts. 66, 67.

As a result of Mr. Blancas' plea, both of his cases and the cases of Messrs. Miksch, Rush, and Ybarra are now clearly related. Under L.R. 8-1(b)(1), all four §1512 cases are plainly related, as they involve "the same alleged events, occurrences, transactions [and] property." Indeed, the destruction of records alleged by the government in the 21-CR-121 cases purportedly arose from a joint scheme of all four defendants, one which they allegedly discussed and executed in coordination with one another. And by entering a single plea in both of his pending matters, Mr. Blancas, along with the government, have effectively created one consolidated case before Judge Chhabria, one in which Mr. Blancas is scheduled to be jointly sentenced on December 6, 2021. *See United States v. Rosche*, 239 F. Supp. 2d 858, 864 (E.D. Wis. 2002) [cases are "functionally consolidated" when they "are factually or logically related, and sentencing was joint"]; *United States v. Asberry*, 394 F.3d 712, 719 (9th Cir. 2005) [describing factors to be considered in determining whether cases are functionally consolidated for purposes of 18 U.S.C. Appx. §4A1.2].

Case relation is also appropriate under L.R. 8-1(b)(2), as relation will eliminate the duplication of labor that would result from the four defendants being sentenced by more than one judge. As the government argued in its later notice of related case (dkt. 56), although Mr. Blancas' conduct in 21-CR-105 differs from his conduct in 21-CR-121, relating these cases nevertheless will be more efficient for both the Court and for United States Probation. Much of the information that would be included in the PSR and which the Court would consider at sentencing is shared between Mr. Blancas' two cases, and apart from defendant-specific

NOTICE OF RELATED CASE IN A CRIMINAL ACTION
*United States v. Blancas*; *United States v. Rush, et al.*
Case Nos. 21-CR-105 VC, 21-CR-121 VC-2, 21-CR-121 JD-1, 21-CR-121 JD-3, 21-CR-121 JD-4

background information, essentially all of the relevant information is shared between the four defendants' 21-CR-121 cases.

As L.R. 8-1(e) provides, reassignment to Judge Chhabria, before whom the earlier-filed case is pending, will best accomplish the conservation of resources achieved by case relation. Judge Donato has not yet conducted any substantive proceedings in these cases and has not yet even taken a plea from any of the three defendants remaining before him. Judge Chhabria, however, has already accepted a plea from Mr. Blancas. To conserve resources and most efficiently (and fairly) resolve all four defendants' matters, a single judge should conduct the sentencing proceedings for all four defendants, given the joint conspiracy and conduct in which they are alleged to have participated, and that judge should, naturally, be the one already familiar with the facts of the case. Reassignment of the remaining cases to Judge Chhabria would accomplish this goal. Pursuant to L.R. 8-1(c)(4), the defense jointly attests that this assignment to a single judge is likely to conserve judicial resources and promote an efficient determination of the action.

The defense has met and conferred with the government regarding this notice. The government has indicated it has no objection to case relation. In its earlier case relation filings, the government has argued that relation is proper given the shared defendants, shared events and occurrences, and "significant overlap in the evidence." Dkts. 7, 56.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: August 25, 2021     By:/s/ Alexander P. Guilmartin, Esq.
              ALEXANDER P. GUILMARTIN, ESQ.
              Attorneys for Defendant **Kenny Miksch**

| | |
|---|---|
| Dated: August 25, 2021 | By:/s/ Martín A. Sabelli, Esq. |
| | MARTÍN ANTONIO SABELLI, ESQ. |
| | Attorney for Defendant **Simon Ybarra** |
| | |
| Dated: August 25, 2021 | By:/s/ Adam Pennella, Esq. |
| | ADAM PENNELLA, ESQ. |
| | Attorneys for Defendant **Jessie Rush** |

NOTICE OF RELATED CASE IN A CRIMINAL ACTION
*United States v. Blancas*; *United States v. Rush, et al.*
Case Nos. 21-CR-105 VC, 21-CR-121 VC-2, 21-CR-121 JD-1, 21-CR-121 JD-3, 21-CR-121 JD-4

5