STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ERIC CHENG (CABN 274118)
FRANK J. RIEBLI (CABN 221152)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Eric.Cheng@usdoj.gov
    Frank.Riebli@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 21-CR-0121 JD |
| Plaintiff, | **UNITED STATES' SECOND SUPPLEMENTAL SENTENCING MEMORANDUM** |
| v. | Sentencing Date: May 5, 2022 |
| (1) JESSIE ALEXANDER RUSH, (3) SIMON SAGE YBARRA, and (4) KENNY MATTHEW MIKSCH, | Time: 11:30 a.m. Judge: Hon. James Donato |
| Defendants. | |

    The United States respectfully requests that the Court hold defendants Jessie RUSH, Simon YBARRA, and Kenny MIKSCH accountable for their crimes with meaningful custodial sentences, as previously set forth in the government's sentencing memoranda. *See* Dkt. Nos. 92, 107, 108, 112. Each man helped lead the "1st Detachment, 1st California Grizzly Scouts" ("Grizzlies"), an armed anti-government militia group that discussed, trained, and prepared for violence against law enforcement, and—when one of its members then fatally attacked multiple law enforcement officers around the Bay Area—they conspired together to obstruct justice, destroying records and communications of the group. Based on a consideration of the sentencing guidelines and the factors under 18 U.S.C. § 3553(a),

imprisonment for each of RUSH, YBARRA, and MIKSCH is warranted in this case.

Accordingly, if the defendants accept responsibility and comply with the terms of their plea agreements, the government recommends that the Court impose on each of them a Guidelines sentence, which is a range of up to fourteen (14) months of imprisonment.

### A. Procedural Background

On March 23, 2021, a federal grand jury charged defendants RUSH, YBARRA, MIKSCH, and one other defendant with conspiracy to obstruct justice by destroying evidence in an official proceeding, and with destroying evidence in official proceedings. Dkt. No. 1.

On April 8, 2021, agents arrested RUSH and MIKSCH in this district. Agents also arrested YBARRA in Davis, California that morning and brought him to Sacramento for his initial appearance, in which the government moved for detention. *See* Case No. 2:21-MJ-00058-CKD (E.D. Cal.); *see also* Dkt. Nos. 10, 12. RUSH and MIKSCH made their initial appearances the next day in this district, in which the government also moved for detention. Dkt. No. 17.

On September 13, 2021, RUSH and YBARRA pleaded guilty to Count One of the Indictment; MIKSCH pleaded guilty to the same on September 20, 2021. Dkt. Nos. 77, 79, 82. On February 22, 2022, the Court declined to accept the plea agreements under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure for defendants RUSH, YBARRA, and MIKSCH, setting trial for June 6, 2022. *See* Dkt. Nos. 114, 115, 116.

On April 25, 2022, defendants RUSH and YBARRA pleaded guilty, and on May 2, 2022, defendant MIKSCH also pleaded guilty, all pursuant to plea agreements under Rule 11(c)(1)(B). *See* Dkt. Nos. 134, 135 & 140. Sentencing is set for Thursday, May 5, 2022, at 11:30 a.m.

### B. Guidelines Calculation

The United States Probation Office ("Probation") correctly calculates the United States Sentencing Guidelines ("Guidelines") in the defendants' Presentence Investigation Reports (PSRs), and it is consistent with the parties' plea agreements. Rush PSR (Dkt. No. 139) ¶¶ 37–48; Ybarra PSR (Dkt. No. 141) ¶¶ 39–49; Miksch PSR (Dkt. No. 105) ¶¶ 34–44; Dkt. Nos. 134, 135 & 140 ¶ 7. Because the total offense level is 11 and each of the defendants' criminal history category is I, the sentencing range under the Guidelines is 8 to 14 months of imprisonment.

### C.     Recommendation

Imposing a Guidelines sentence of imprisonment would be sufficient but not greater than necessary under the sentencing guidelines and the factors under 18 U.S.C. § 3553(a), as set forth in the government's prior sentencing memoranda. Yet Defendants RUSH, YBARRA, and MIKSCH continue to seek to downplay the nature of their conduct as irrelevant "thoughts" or "talk" and allege reasons to excuse their actions. To the contrary, the facts set forth in the defendants' admissions in their plea agreements, the PSRs, and the government's sentencing memoranda are very pertinent as to the appropriate imposition of sentence for the defendants, going to demonstrate the corrupt basis and reasoning behind their conspiracy to obstruct justice and destroy evidence.

Though on the surface each conviction appears to be a "paper" crime, the evidence destroyed by the defendants related to a murder investigation and their own discussions and preparations for acts of violence against law enforcement, as the leaders of an armed anti-government militia group. Specifically, the Grizzlies discussed, trained, and prepared for violent confrontations with the government and attacks on law enforcement—including in May 2020 when they prepared for heavily armed operations in the field with "Operations Orders" identifying law enforcement as "enemy forces" and considering the possibility of using lethal force. In fact, the very Facebook group by which the defendants were recruited to the Grizzlies began with individuals identifying their county of residence to the group for one clear reason: to move from the Internet to in-person meetings in preparation for violence. Indeed, each defendant admitted that, "[f]oreseeing that authorities would investigate and/or prosecute [Steven] Carrillo, and concerned about Carrillo's actions in view of his membership with the Grizzly Scouts and [their] prior interactions and communications with him (including the group's comments about waging war against the government and committing acts of violence against law enforcement …)," they "agreed and conspired with other members of the Grizzly Scouts" to destroy evidence. Dkt. Nos. 134, 135 & 140 ¶ 2.

None of the arguments identified by the defendants explain or account for the extended activity of the Grizzlies over a period of several months to prepare for hostilities against the government and fuel their aggressions against law enforcement, which tragically culminated in one of its members going on to attack and kill two officers. Nor do they explain the defendants' deliberate conspiracy to obstruct

justice by destroying evidence in view of Carrillo's association with the Grizzlies and their interactions and communications with him.

At bottom, imprisonment for each of RUSH, YBARRA, and MIKSCH is warranted in this case based on a consideration of the sentencing guidelines and the factors under 18 U.S.C. § 3553(a). Should the Court include a term of imprisonment in imposing sentences on the defendants, the government requests that they be remanded to the custody of the United States Marshal as it did when initially moving for their detention. Now that the defendants have been convicted, it is their burden to show that they do not pose a danger to the community or flight risk to avoid immediate remand pursuant to 18 U.S.C. § 3143(a)(1).

DATED:  May 3, 2022                                        Respectfully submitted,

                                                                            STEPHANIE M. HINDS
                                                                            United States Attorney


                                                                            _____/s/_____
                                                                            ERIC CHENG
                                                                            FRANK RIEBLI
                                                                            Assistant United States Attorneys